Appearing for the appellant is attorney Pilsner and for the appellee is attorney Zimmerman. Good afternoon. Mr. Pilsner, are you ready to proceed? May it please the court. Counsel, my name is Jonathan Pilsner with the Office of the State Appellate Defender. On behalf of Larry Hayden, the defendant appellant in this matter, I'd like to begin with my first issue by pointing out what I think is the most important fact when reviewing this issue. And that fact is that the assaults between TM and AC, the two victims in this case, occurred approximately three years apart from one another. The state charged Mr. Hayden with these two assaults, the first one against TM, sometime between January and June of 2012. The assault against AC, the state charge, occurred sometime in April of 2015. Yet the state, in our opinion, impermissibly joined these two offenses together into one charging document and resulting in one trial. This mis-joinder was inappropriate and under the statute and prejudiced Mr. Hayden. Specifically because these two offenses were not part of the same comprehensive criminal transaction, which is noted inside the joinder statute under the criminal procedure code at 111-4. For the offenses to be joined, they have to be part of the same criminal transaction. And again, the most important fact which separates these two offenses, which proves that they were not part of the same criminal transaction, the same comprehensive criminal transaction, excuse me, is that they occurred nearly three years apart. When the trial court denied the defendant's motion for severance, it erred in that manner. But it also erred because the mis-joinder, not only were these charges mis-joined, but the joinder, presuming it was permissible under the joinder statute, prejudiced Mr. Defendant because it permitted the state to join these two relatively unrelated offenses into one trial and permitted one jury to hear all of the evidence of both of these charges against him and convict him on both of these charges. When it should have properly severed these charges into two separate trials and given Mr. Hayden the opportunity to defend against each charge individually standing on their own. Assuming you're correct, counsel, about the severance, then the question would be what prejudice did your client suffer? And I guess the issue would then be the evidence under 115-10 that was admitted with regard to each of these child victims would not have been admitted or what is your position with regard to the prejudice suffered? As far as the prejudice that Mr. Hayden suffered, it's multifold. The prejudice occurred at trial because if these had properly been severed and there were two separate trials, as I know in my opening brief, 115-7.3 would have arguably permitted the victim of the uncharged assault to testify in the charge pending case. So hypothetically at the trial for A.C.'s assault, T.M. would have been permitted to come in and testify. However, there was a wealth of other 115-10 hearsay evidence that came in that bolstered both girls' stories. That 115-10 evidence, going back to my hypothetical, that 115-10 evidence that pertained to T.M. would have been inadmissible hearsay at A.C.'s trial if this had been properly severed. That's just talking about the prejudice in the trial context. Well, then let me ask you so I understand exactly what your position is. With regard to 115-7.3, the statute speaks of if the defendant is accused of an offense like the ones in this case, evidence of the defendant's commission of another such offense may be admissible if that evidence is otherwise admissible under the rules of evidence and may be considered for bearing any metaphors that's relevant, including propensity. So is it your position then that if there is a charge involving another girl in the neighborhood about the same age that would have been admissible, let's say under 115-7.3, that it's just that victim's testimony alone which is admissible under the statute? Yes, that is my position. And I think that's borne out by the entirety of the code. If you look at 7.3, it still limits the admissibility of the evidence to the rules of evidence. So 7.3 operates as a, instead of the normal bar of propensity. What does that mean? 115-10 is not part of the rules of evidence? Well, it means that, and let me get there in one second, it means that the hearsay bar is still in place until you bring in 115-10. 115-10 has the hearsay exception, is I make the argument in my opening brief only applies, reading the language of the statute, 115-10. The hearsay only applies to the crime that is charged, the crime that is pending in that case. So my position is that 115-10 would only allow hearsay evidence pertaining to the crime charge, going back to hypotheticals. So this is a narrow, restrictive view of the term evidence under 115-7.3? It's actually borrowing the language from 115-10. I don't have 115-10 in front of me at the moment, but 115-10, and again, this is borne out more in detail in my opening brief. Well, what about the fact that 115-10 was enacted in 1983, and 115-7.3 wasn't enacted until 15 years later? Well, if the legislature wanted those to interact, or wanted to address how they interacted, the legislature obviously had the opportunity to when it passed 7.3. So in order for this 115-10 to apply, it would have to amend that section to say, by the way, when we talk about victim, we mean the witness is testifying under 115-7.3? I think when the legislature passed the law, passed the 7.3 exception to propensity, it could have also illustrated in 115-10 that this propensity bar also now includes all of the hearsay that would have been admissible under 115-10. Well, what about other testimony? Again, are we limited to just testimony of the victim under 115-7.3? As a current instance, let's assume we have a 10-year-old girl whose testimony is going to be admitted, and she made spontaneous declarations to some people shortly after the incident occurred. Would that be admissible? Under the rules of evidence, I believe that would be admissible, yes. How about she says she suffered some physical harm as a result of the activity, and her testimony is admissible under 115-7.3, but would, let's say, medical personnel testifying about her physical condition be admissible? The medical personnel talking about the 7.3 victim? Yes. Under the limited medical exception of the hearsay, I think it would be, but the more we drift down that hole, the more we run the risk of the mini-trial aspect of other crimes evidence. Even though 1-7.3 would permit this propensity evidence to come in, and the rules of evidence would still apply to the statements that you're talking about, the more witnesses that come forward to talk about the things that you're highlighting... Under the rules of evidence, it would be admissible, but again, we still begin bumping up against, does this now detract from the charge? Well, then let me ask, is it only 115-10 statements that would not be admissible? In this case, in this particular actual scenario... 115-7.3. Evidence of the defendant's commission and other offense may be admissible, that evidence is otherwise admissible under the rules of evidence. Apparently say spontaneous declarations fit, expert medical testimony fits, but 115-10 statements don't. Yes, because of the language inside 115-10, because 115-10 specifies... Is that it? Because it says the victim? Other than that, is there any reason why 115-10 shouldn't apply? Because it specifies that only victim? I believe the language of the statute is the reason why. How about this? There's a case we had where the victim testifies she was brought to a certain building and sexually assaulted there. And let's assume she's a 12-year-old girl, I think she was in that case, and she testifies as under 115-7.3. Could a third party who saw the defendant take that 115-7.3 victim to that building and sexually assault her there and heard screams, could that witness testify too? I think we're running farther afield of the facts of this case, but in that case... I understand, counsel. I'm just talking about what's admissible under the statute. Would that be admissible? Not a mini-trial, that's discretionary with the court. Would it be admissible under the statute? Under the statute, what that witness, that observant witness saw and heard, I think possibly would be admissible, although we begin to run into relevance grounds at that point. Well, it certainly would corroborate what the kid said, wouldn't it? If that's the relevance basis, then I... Well... It hasn't been said that that would be relevant, but again, we still begin running into a mini-trial. Let me ask you this other scenario here, because I think it might be helpful. I want to get your views on this. Let's assume the defendant is on trial for predatory criminal sexual assault. We'll call this Suzy, who's 10 years old. And the court grants the state's motion under 115-10 to admit Suzy's statements about the defendant's misconduct, her statements to a fourth-grade teacher and a social worker specializing in interviewing child sex victims. At trial, Suzy's called to testify. This is the case where Suzy's the victim. Suzy calls to testify. She freezes up, unable to, on direct examination, describe what the defendant did to her. Cross-examination, the defense counsel asks her a few innocuous questions that she answers, and the state then offers her earlier statements under section 115-10 that the court had earlier stated it would admit. Case law from this court makes clear that as long as she was there and answered the questions asked on cross-examination, her 115-10 statements would still be admissible. Isn't that right? The best of my knowledge, yes. Okay. Same factual situation, only this time the defendant's on trial for predatory criminal sexual assault with Anna, who's also 10 years old, and a neighbor of Suzy. That's the connection. All the circumstances regarding Suzy still applies. There's a case pending, but Anna's now on trial. And in the case regarding Suzy, the trial court conducted a 115-10 hearing, decided that these two statements would be admissible. So the state calls Suzy to testify in the case where Anna's the victim, and Suzy, again, freezes up. And she is unable to testify. She gets upset. She's a 10-year-old kid, courtroom spooks her. And the court had permitted the state to present the testimony concerning the case involving Suzy pursuant to 115-7.3. Is it your position that the statements Suzy made that would be admissible if she were the victim, pursuant to 115-10, are no longer admissible? The jury would not be permitted to hear her statements. The court ruled admissible under 115-10 if she is not the victim in that case, but Anna's the victim. I believe I understand your hypothetical correctly, then. No, the 115-10 statements pertaining to Suzy would not be admissible at the other victim's case. So you maintain the statute doesn't permit it? Because the statute, because the language of 115-10 does not permit it. It's specific as to when that hearsay evidence is admissible. So here is, in bowling, this court wrote the following about 115-10. It said it allows detailed corroborative evidence of a child's complaint about the incident to another individual. Of concern, the child witnesses, especially the very young, often lack the cognitive or language skills to effectively communicate instances of abuse at trial or may be impeded psychologically in their efforts to do so. Wouldn't that apply to Suzy when she is the witness testifying under the 115-7.3 instance? The theory applies, yes, but the statute would still limit that testimony only to Suzy's trial. So the statute you maintain is so restrictive it just can't let it in? Yes, the position is that 7.3 evidence, you cannot shoehorn 115-10 evidence into a trial through a 115-7.3 victim. Let me mention a case. I would have told you about it sooner. Well, two cases, actually, but I found it last night, and I apologize for not telling you about it. One case, 3rd District under 2013 People vs. Fields, in which addressing evidence under 115-7.3 says, not only does the plain language of that section not support defendant's narrow interpretation, Illinois' longstanding definition of, quote, evidence, unquote, refutes it. Evidence includes all the means by which alleged facts are proved or disproved. And, of course, in the cases I've given you, Suzy's statements pursuant to 115-10 are means by which the evidence would permit it. It can be real or documentary. It encompasses testimony, records, documents, et cetera. And evidence has any intent to make any other fact admissible. But maybe the most important case is one I want to run by you, and I apologize. It's pretty important. It's People vs. Walston, a decision from the 2nd District in 2008. Let me tell you what the court did in that case, because it seems to me it's directly on point. I'll give you the citation if you want to write it down. The Walston case is 326 Illinois Decisions, 631. I'm sorry, 386 Illinois Act, 598, 900 any second, 267. This is what happened in Walston. The defendant was convicted of two counts. Do you have it in your brief already? Yes, I do. I've got a copy of it in front of me. Okay. The defendant was convicted of two counts of aggregated criminal sexual assault involving two different victims. He received consecutive terms of 30 years in prison. He moved to sever the charges, but the trial court denied the motion on the basis that under 115-7.3, even if the counts were severed, each jury would hear evidence regarding the other assault as other crimes evidence, and thus the defendant would not be prejudiced while the counts were tried together. The appellate court agreed with the defendant that the charges against him were not properly joined into one trial and noted that invoking judicial efficiency as a matter of policy would not be appropriate. And the appellate court also noted when a trial court improperly joins charges, the error will be deemed harmless if evidence of all the other charges would have been admissible in separate trials that would otherwise have taken place. So the appellate court said the question before it is the amount of thoroughness allowed for propensity evidence under 115-7.3. In addressing this, the court said they talked about the evidence that was presented. They called it the supplemental testimony. That is, each of the victims could have testified, but what about the other testimony pertaining to each victim that had nothing to do with the victim on trial? This would supplement her testimony under 115-7.3. This is what the court said. Much of the supplemental testimony the defendant identifies is brought to establish the chain of custody and the foundation for physical evidence. The remainder of that testimony corroborated portions of the victim's testimony by establishing they bore injuries consistent with their version of events, by establishing they were upset shortly after the incidents, and by confirming that the defendant had been angry at the buyer before allegedly assaulting the second victim. In other words, all this other testimony was brought in, and the appellate court said we find no reverse bar in the trial court's decision to allow all the other crimes' evidence. Pursuant to 115-7.3, even in each of the two separate trials, we conclude the defendant suffered no prejudice because all this evidence was properly brought in. Spontaneous declarations, other witnesses. So apparently under the statute, the only thing not permitted is 115-9 evidence. Yes, and I think that the language of Walston actually sort of illustrates why Walston, in that respect, is factually different from the case we have here. If you note, and I believe it's just above from the passage that you wrote, the court noted the supplemental testimony offered by the state was relatively limited. In this matter, it wasn't relatively limited because the girls made a number of both AC and... You see, the problem about relatively limited doesn't address admissibility. Relatively limited, if it's not admissible, doesn't make any difference if it's relatively limited. It's not admissible, is that right? And in that case, I refer back to the statute itself by saying the language of the statute says the victim, and that means the victim in this particular case. When we're talking about the victim of a case, and there's no other reference saying that 115-10 evidence is admissible through the 115-7.3 propensity evidence door. 115-10 evidence, the outcry statements, the additional repetitive allegations, yes, these are specific allegations of specific conduct that don't fall under a pre-numerated... Why as a matter of policy would the legislature make that distinction? Pardon me, Judge? Why as a matter of policy would the legislature decide the hypothetical I gave you? Little Susie, who froze up on the witness stand, the jury should be able to hear her testimony when she's the victim. But as a matter of policy, when she's testifying as a 115-7.3 witness, and freezes up on the witness stand, and there's this important corroboration to show the defendant's guilt of this other offense, the jury can't hear not just further details, but unique details, because Susie froze up. So the jury's not going to hear anything at all about what the defendant did to her. As a matter of policy... What policy would you... What policy can you think of that would explain why the legislature would want that result? I think it's the longstanding suspicion against copious propensity evidence. 1-7.3 permits limited propensity evidence in these specific scenarios, subject to the factual pattern of the case. The legislature, by not extending the 115-10 hearsay ban, may respect that, listen, we are still skeptical of propensity evidence. We're going to permit it in if the victim comes in and testifies to it. But by allowing the state to get all of this other evidence past the hearsay bar, and also past the propensity bar, that's a bridge too far for the legislature. Actually, what I want to do is I apologize. I'm taking up a lot of your time because of all this stuff I've talked about, and ask my colleagues, our distinguished presiding judge, to give you an opportunity to go on and make your argument. No, this did not want to interrupt the flow of questions and answers, and even though you have a red light here, in follow-up to Justice Steigman's last question, as a matter of statutory construction, in interpreting the language of 115-10, you have identified the words, the victim, and asked for us to interpret that such that it can only be the victim of the charged crime, not any victim. And along the lines of the last question, where you were asked about the policy, in terms of the logic behind restricting the application of 115-10 to only those statements of the victim in the charged crime, and not allowing statements from a victim in another, either uncharged crime or charged in a different prosecution, what would be the logic behind that different treatment? Because an argument could be made that's an absurd result, where it's allowed under 115-10 where they're the statements of the victim of the charged crime, but not allowed for the victim of another crime. I may be misunderstanding your question, so if I'm answering the wrong question, please let me know. Again, I think you have to look back at the phrase, the victim, not a victim. The legislature meant to include any sort of victim. It could have included language in 7.3, it could have included additional language, or it could have simply said, a victim. I understand that, and you're asking us to interpret the statute. I'm talking about the disparate treatment you're asking us to apply here, where in applying 115-10, the statements would come in as to the statements of the victim, but they would not come in if they were the statements of a victim, a victim of another uncharged crime or a victim of a charged crime in another prosecution. What's the logic there? Again, I think it goes back to the idea that there is still an inherent distrust in excessive propensity evidence. If you call the victim in a propensity under 7.3, the legislature has expressed, we are comfortable with that. We are comfortable with that exclusion to the usual bar propensity evidence. The legislature hasn't expressed anything beyond that narrow, what 7.3 sort of says. The logic behind permitting the victim to testify as a 7.3 victim, but not permitting that 7.3 victim's hearsay testimony in, I think logically flows from that natural distrust based on the common law of propensity evidence. We're making an exception here, but we're not going to extend that exception indefinitely as if it was the charged crime itself, just because of that distrust of propensity. Additionally, perhaps because a 7.3 victim is not under the Constitution necessary testimony. It is a discretionary testimony. It allows the state an avenue to prove a particular fact, the propensity of the defendant that they were not allowed to prove before. 11510 doesn't extend that banning of propensity any farther. I think it's going to your question about the logic. That's the logic behind why a narrow reading of this is appropriate in this case. So the narrow reading would have the effect, in the case I gave you, regarding 10-year-old Susie who freezes up. She is unable to testify in court. That would be of no moment if she's the victim, the named victim, and the legislature says, oh, that's okay, let's hear what Susie told the other people as long as she was available for cross-examination, which she was, even though her direct examination contained no incriminating evidence against the defendant. But where she, the circumstances are exactly the same, except now Anna's the victim, the same defendant who's on trial. You're arguing to us that the legislature intended not to let Susie's story get before the jury when she freezes up, when the same evidence that would be available, she were the victim, would be admissible. So this time it's not admissible, but anything else would have been admissible, but just not this statute. That's correct, Judge, because of the way that the propensity evidence has been treated previously, particularly when we're talking about hearsay propensity evidence, because now we have hearsay and propensity evidence, so we've got additional concerns. 110 takes care of the hearsay, 7.3 takes care of the propensity. Well, wasn't the whole point behind 115-10 to provide a means by which young children who freeze up could get their story before the jury so the jury can assess it? It is, but Susie still has an opportunity to get her story before the jury in the case that she is the victim. Well, maybe, but here's this case now, and who knows? The question is, this is a matter of legislative intent, isn't it? Isn't that what you're arguing to us? Yes, Judge. So no case has yet held what you're arguing. We'd be the first ones to say by victim we mean only the victim in this case, not 115-7.3. I believe so. I did a pretty comprehensive review attempting to answer this question, and I do not believe it's been answered in Illinois. And it essentially comes down to the victim, not a victim, for a statute that was enacted 15 years after the fact, and we should assume or infer that the legislature, by not changing the statute, didn't want Susie's testimony to apply. I think that's an appropriate reading, and that's what I'm advancing here today. If there are no further questions, I realize that my time has been up for a while, so I will simply ask for this motion to pass. Well, again, I apologize, counsel. I've taken up almost all your time, and if there is other things you wanted to add to all this, I'm asking for forbearance to let you do it. I think that the briefs lay it out adequately enough, and I hopefully have answered your question, so I'll defer to counsel at this time. And you'll have time in rebuttal. Thank you. Thank you. Mr. Zimmerman. May it please the Court, counsel. Good afternoon, Your Honors. My name is John Zimmerman from the Fourth District Appellate Prosecutor's Office. Mr. Zimmerman, given where the bulk of the questioning came from and the time spent on this, why don't you go directly to that issue in regards to the interplay of 115.10 and 7.3, and if there's time at the conclusion, you can talk about the Joyner issue itself. Yes, Your Honor. The State was not going to waste much time based on the prior discussion, and the State does admit in its brief it did not fully brief this issue, so we do not have much to say. Basically, our position is that there was no abusive discretion when joining these charges, and as Justice Steigman stated, there was no prejudice by these Joyners because both victims would have been allowed to testify regarding the sexual assaults under 115.7.3. And in addition, as we're promising that the Joyner was proper, that all that 115.10 testimony that was admitted was also properly admitted, and there was no abusive discretion there. And the State would adopt the Court's discussion regarding the interplay between 115.7.3 and 115.10, although I do admit that we did not fully brief that issue out. With that being said, the State really does not have that much more to offer in regards to the argument, unless Your Honor has any questions. Well, the gist of the defendant's argument here is when you read 115.10, references made to the victim, not a victim, why shouldn't we read 115.10 literally and exclude or preclude a consideration of statements, out-of-court statements made by individuals other than the victim of the crime charged? Well, the State would adopt Justice Steigman's reasoning, the policy behind 115.10, which is for children who freeze up during testimony. This statute allows that testimony in when otherwise it would never have a way to get in. Is that it? Yes, Your Honor. The State really does not have much more to add. And the State requests this Court to affirm the trial court's judgment. Thank you. Thank you, Your Honor. Mr. Pilsner, rebuttal. Very briefly, going back to our last conversation, unless there are any lingering questions about anything else, I do acknowledge your concerns, Justice, about the abuse of discretion regarding the trial within a trial and the 115.10 evidence and other stuff. Perhaps one other reason the legislature, from a policy standpoint, didn't explicitly extend 115.10 to 7.3 was an acknowledgement that if it did do so,  these trials within trials, wherein in a charged case, going back to your hypothetical, if Susie was the 7.3 victim and she came in and froze up and testified, that there would be all this other evidence that started to come in, would that then distract from the purpose of 7.3 and the purpose of the trial against the charged victim in that case, the little girl who was not Susie? And so just briefly in rebuttal, I'll say that that may be another policy interpretation as to why the legislature chose to use the phrase, the victim, specifying the particular victim in a charged case, as opposed to saying a victim, including the idea of this propensity evidence. Let me ask this other aspect, since you conceded and I appreciate it. By the way, I asked you a lot of questions, and I appreciate your responses to all these. You conceded this is a matter of legislative intent. The legislature could have provided that regarding 115-7.3 witnesses like Susie in my hypothetical, that if she freezes up, her statements under 115-10 would be admitted. Yes. Okay. So in assessing your argument that this isn't the case, going back to the fact that 115-10 was enacted in 1983, there was no reason for the legislature to think that reference to a or the victim would make any difference. Were there? That's true. 1983 is when 115-10 was enacted. So you'd have, we want to let Susie's testimony in. If she freezes up, then she's the victim. Okay. So they pass it, then they have now several years' worth of experience. As the Supreme Court points out, we had federal rules 413 and 414, which provided essentially for propensity evidence and sex offense cases in federal court, which is, as the Supreme Court in Donahue explained, that's where our 115-7.3 came from. So in 1998, 15 years later, the legislature enacts 115-7.3. And as we are interpreting statutes, it seems to me that this is an awful heavy weight to play on this weak read of the article chosen, a victim or the victim, at a time when no one could foreseeably have understood that this would make any difference, and to say, consequence being, it's a matter of legislative intent. The legislature never would have intended this. I don't know if I want to go that far to presume what the legislature may or may not have intended. I think you have to look at the way that they enacted it, the way that they spoke through the statute itself. So it says, the victim, and I've talked about that a lot. But also, when they passed 7.3, after the fact, they could have made reference, like you just mentioned earlier on, to this is all this is admissible, including this 115-10 evidence. Or they could have amended 115-10 at the same time and said, Well, actually, in 115-7.3, they do talk about evidence which would otherwise be admissible. It may be admissible, it's otherwise admissible under the rules of evidence, 115-10 is. So it's not that statute that you're saying keeps it out. It's 115-10 where it refers to the victim as opposed to a victim. But by referring to the rules of evidence, they were thus incorporating the victim inside of that and knowing that they had limited that in such a fashion. Again, I hesitate to speculate on what the legislature intended, particularly when we're talking 15 years and a gap in different legislatures, without having any legislative history in front of me. But I don't think it's an unreasonable assumption to mean that, or to read that, the victim means the victim in that charged case and not anything else, particularly when we consider some of the policy implications that I brought up before. Again, my life has gone red, so I thank you for your time. And if there are no further questions, I ask for your reversal. All right. Thank you, counsel, for the interesting argument. The case will be taken under advisement and written to certain establishment.